WILLIAM W. KELLEY ET ALS. *v.* THE TOWNS OF DANBY, WAL-
LINGFORD, AND TINMOUTH.

*Original Jurisdiction of County Court to Lay out and Establish
Highways. Gen. Sts. ch. 24, § 52.*

If a petition for a highway within the original jurisdiction of the county court to lay
out and establish, be brought to such court in good faith, but the commissioners lay
only a portion of the road prayed for, and such portion as would have to be petitioned
for in the first instance to the selectmen if it alone were asked, the jurisdiction of the
county court is not thereby defeated as to the portion so laid.

The petition prayed for a highway to be laid out through and into five towns in the same
county. The commissioners laid a portion only of said highway, extending through
and into three of said towns. The portion so laid, was partly laid upon old, estab-
lished highways, and partly over new routes. It crossed the line between two of said
towns on one of said old highways, making one of the new portions of the road laid,
wholly within one town, and another portion wholly within another town; but the
whole road as laid, formed a continuous highway from *terminus* to *terminus*. *Held*, that
the highway so laid, was one which the county court had original jurisdiction to es-
tablish, under § 52, ch. 24, of the Gen. Sts.

PETITION for a highway to be laid out,

" Extending from a point on the creek road in the town of
Wallingford, near the dwelling-house of Joel Croft and William
Croft, and running through the lands, &c., in a south-westerly di-
rection, and then in a line in the same direction, running near the
dwelling-house of, &c., in said Wallingford, and thence on in the
same direction, through the lands, &c., and lands, &c., in Danby,
in a line which shall run, &c., and then on, until it strikes, &c.;
thence in a westerly direction, to the highway near the dwelling-
house of Henry Rogers, in the town of Danby; thence in a north-
westerly direction, through the lands, &c., in said Danby, and the
lands, &c , in the town of Tinmouth, intersecting with the north
and south road leading from Tinmouth meeting-house to Danby
Four Corners, at a point near the school-house; thence in a north-
erly direction, following the line of said highway, until it strikes
a point at or near Tinmouth Center; thence westerly from Tin-
mouth Center, in a line near the traveled road as it now runs, to
some point in the east line of Middletown, passing around any hill
or hills, or grading the same down instead of passing over them;
thence from the east line of Middletown, westerly, following near
the line of the present traveled road, to, &c.; thence westerly,

following along near the river, to a point at or near, &c. ; thence following westerly, in a line near the present traveled road, to, &c., grading down any hill or hills, or swinging around the same, as thought best ; thence in a line near the present traveled road, to the hill just east of East Poultney, swinging or grading all hills, &c."

The petition did not allege that application in the premises had been made to the selectmen of said towns, or any of them.

Commissioners were appointed, who reported in favor of laying out that portion of said proposed highway extending westerly from near the said Crofts', in Wallingford, through Danby and into Tinmouth, near the said school-house, and against laying out the remainder. The commissioners found that the road prayed for in said petition, from the western terminus of that part thereof laid out by them as aforesaid, followed an old road which had been laid out and established for more than fifty years, passing through the towns of Tinmouth and Middletown into the town of Poultney ; that the road prayed for crossed the town lines between Tinmouth and Middletown, and between Middletown and Poultney, in said old road. The only alterations in said old road prayed for in said petition, and asked for by the petitioners, were to have said old road so changed in certain places in Tinmouth, Middletown, and Poultney, as to swing around a certain hill, wholly in the town of Tinmouth, leaving and coming back into the old road, in Tinmouth ; and also, to swing around certain hills in Middletown and Poultney, leaving and coming back into the old road, in the same town ; said several changes asked for, being wholly in one or the other of said towns. The commission-. ers further found, that after going over the route of said proposed highway, and ascertaining what changes the petitioners desired and asked for in said old road, and where they desired and asked for new roads to be laid out, the counsel for the defendant towns claimed before them, that the roads and changes asked for by the petitioners as aforesaid, were not within the jurisdiction of the county court to make and lay out, and protested against the commissioners proceeding any further with the case ; but that the commissioners proceeded with the hearing, and laid out said portion of the proposed highway as aforesaid.

This proceeding was discontinued as to Middletown and Poultney, at the September term, 1872, with costs to each of said towns. The towns of Danby, Tinmouth, and Wallingford, excepted to the report of the commissioners, for the following reasons :

1. " The road laid out through a portion of the town of Wallingford, commences at a certain point in said Wallingford, to wit, in the west line of the highway leading from Danby to South Wallingford, five rods and five links north, four degrees west, from an elm tree standing in front of Boardman Stafford's barn, and in the east line of the highway, and thence on the courses and distances named in said report, wholly in said town of Wallingford, to an old road established for forty years or more, it being the highway leading past the dwelling-house of Joseph Doty ; thence south in said old road, twenty-two degrees west, 21 rods, wholly in said town of Wallingford, to the north line of the town of Danby ; thence south, twenty-two degrees west, in said old road, wholly in said town of Danby, nineteen rods ; and thence in said town of Danby to Tinmouth line ; that portion of said proposed road easterly from said old road, being a separate road, wholly within the said town of Wallingford.

2. " The proposed road runs fifty-nine rods in an old established and laid out road, from where it strikes the same old road east of Henry Rogers's dwelling-house, to the west line of the highway leading from Danby Four Corners to Tinmouth, in the courses set forth in said report. Said proposed road, easterly from where it strikes or intersects with the old road as aforesaid, and westerly from where it leaves the old road leading past the dwelling-house of Joseph Doty, being a separate road, wholly within the town of Danby.

3. " This is not a case of which the county court has original jurisdiction.

4. " Application should have first been made to the selectmen of the several towns of Danby, Wallingford, Middletown, Tinmouth, and Poultney, to lay out the aforesaid separate roads in each of said towns, said separate roads being parts of said proposed road.

5. " Said proposed highway runs for a long distance in old established and laid out roads; the petitioners thus, by a fiction, attempting to make said highway continuous, and extending into the different towns."

The court found all the facts stated in the first and second exception, to be true as therein stated, and that said proposed road

between said old road leading from Danby to South Wallingford, and said old road leading past the dwelling-house of Joseph Doty, as surveyed by the commissioners, was 272 rods in length, and wholly in the town of Wallingford; and that said proposed road between said old road running past Doty's, and said old road running past the dwelling-house of Henry Rogers, was 647 rods long, and wholly in the town of Danby; and that the proposed road, as surveyed and laid out by the commissioners, was about four miles and seventy-two rods in length, and ran in a westerly direction, and crossed the line between the towns of Danby and Tinmouth, in a lot, or field. These several pieces of new road laid out and surveyed by the commissioners, together with the pieces of old road lying between them, would, if built, form one continuous line of road from the place of beginning in Wallingford, through a part of Wallingford, Danby, and Tinmouth, to the place of ending in Tinmouth. From the western terminus of said road as laid out near the school-house, to the western terminus in Poultney of the road prayed for in the petition, was about fifteen miles.

The court, at the March term, 1873, WHEELER, J., presiding, overruled the exceptions, and accepted the report, and ordered that said highway as laid out by the commissioners, be established, and the lands through which it was laid, to be open for work in six months, and the highway to be completed in eighteen months; to which the towns of Danby, Wallingford, and Tinmouth, excepted.

*Dunton & Veazey*, for the defendants.

The petition and the finding of the commissioners, show, that the petitioners sought to have separate roads laid out in the several towns, and several alterations in the old roads made, none of which alterations extended into two or more towns. This we say cannot be done by a petition directly to the county court. The entire subject of laying out and establishing highways is regulated by statute; and courts and commissioners have no power except such as the statute confers. *Hutchinson et al.* v. *Chester*, 33 Vt. 410.

The proposed road and alterations are not a road extending into two or more towns, as contemplated by § 52, ch. 24, of the Gen. Sts. They are all, except one, separate roads, being wholly in one town.

In order to make the changes and lay out the roads asked for by the petitioners, petitions should have first been preferred to the selectmen of the several towns in which the roads sought to be altered and laid out, are respectively situated. Gen. Sts. ch. 24, § 44. The case is analogous to a petition for laying out a road on the line between two towns. This court has held that commissioners in such a case, cannot lay a road wholly within one town, unless they find all the facts required by § 40. *In re Bridport*, 24 Vt. 176. We are aware that in *Kent* v. *Wallingford*, 42 Vt. 651, the court held that the jurisdiction of the county court was not taken away, in a case like this, by its having laid the road in one town only; but in that case, the road had been established and laid by the county court, and its decision in reference thereto had not been questioned, but was acquiesced in, and the jurisdiction of the court was only collaterally brought in question, and for aught that appears, never disputed in the main case.

The county court cannot lay out a new road over an old established highway. It can only alter or discontinue an old road. Highways can be laid out and established by the county court, only where none existed before. Otherwise, the character of highways already laid out by the selectmen, might be changed so that they could not alter or discontinue them.

*C. H. Joyce* and *M. H. Cook*, for the petitioners.

The county court has original jurisdiction in this case. Gen. Sts. ch. 24, §§ 52, 66; Laws of 1867, No. 28; 1869, No. 19; *Hutchinson* v. *Chester*, 33 Vt. 410; *Kent* v. *Wallingford*, 42 Vt. 651. The court found that the road as laid by the commissioners, would form a continuous road between the *termini* thereof.

The rule was long ago established in this state, that the court will only examine the petition itself, to determine the question of jurisdiction. *Burgess et al.* v. *Georgia*, 11 Vt. 134. The decision in *Kent* v. *Wallingford*, *supra*, is in harmony with the statute

of 1852, which provides that in an action against two or more, the plaintiff may have judgment against those found liable. *Powers* v. *Thayer et al.* 30 Vt. 361.

The fact that the petition prayed for alteration of the old road beyond the point to which commissioners laid the road, could not affect the jurisdiction of the county court. How far the public good or the necessity of individuals, may require a road, or how many individuals live upon the road, or whether the road is laid out to accommodate one person only, together with the residence, business, numbers, and numerous other incidents affecting the inhabitants of the locality,—are all questions of fact, to be decided by the commissioners and the county court. *Paine* v. *Leicester*, 22 Vt. 44 ; *Gallup* v. *Woodstock*, 29 Vt. 347. The commissioners may lay a portion of the road prayed for, and refuse to lay the remainder ; and the county court may accept the report in part, and reject it in part. *State* v. *Williston*, 31 Vt. 153.

The petition prayed for the grading of certain hills on the old road, and the swinging around others. This the commissioners had a right to do, if they deemed it best. They had no power to order hills graded upon an existing, completed highway, when no new survey had been made, and no new highway, or alteration of an old one, had been laid or established. But when a road is laid partly over an old road, the commissioners may order the hills graded on the new road laid by them, and also on the old road adopted by them. *Hutchinson* v. *Chester, supra*.

The opinion of the court was delivered by

Ross, J. It is conceded that the highway asked for in the petition, is one, over the establishment of which the county court has original jurisdiction. It is claimed that the highway established, is of a character which requires the petitioners to apply to the selectmen of the several towns for its establishment, before the county court can take jurisdiction of it ; and for this reason, the county court did not have jurisdiction to lay and establish it. It has been repeatedly decided, that the failure of a party to establish his claim to the full amount required to confer jurisdiction upon the county court, will not defeat its jurisdiction, if the claim

honestly made by the party, was large enough to confer jurisdiction upon the court. We are not aware of any principle of law which renders this doctrine inapplicable to highway cases. If the petition asks for the establishment of a highway which is within the original jurisdiction of the county court, we think a failure by the petitioners to convince the commissioners that the public good requires the construction of the whole highway, will not defeat the jurisdiction of the court to establish so much of the highway asked for as it is found that the public good requires to be constructed, notwithstanding the highway established, if petitioned for alone, would have been of such a character that the petitioners must have applied to the selectmen of the town for its establishment, before they could lawfully come to the county court. This, we think, would be the law governing a case in which the establishment of the whole highway was honestly asked for by the petitioners. If the only object of the petitioners should be the establishment of a highway for which they must first apply to the selectmen of the town, the including in such petition a more extensive line of highway, *mala fide*, for the purpose of enabling them to bring the petition to the county court in the first instance, would be of no effect to confer jurisdiction. It would be like a fictitious claim in a plaintiff's specification, which never aids in conferring jurisdiction upon a court. Jurisdiction is never obtained by the fraud of a party. As no question is made of the good faith of the petitioners in preferring the petition, we think the judgment of the county court might be affirmed on the ground that the petition conferred jurisdiction upon the court. But we are not compelled to decide the case upon this ground. The highway established by the county court, commences at a northerly and southerly highway in Wallingford, passes westerly about three-fourths of a mile, to another northerly and southerly highway, over which it passes 40 or 50 rods southerly, and somewhere in this distance crosses into Danby. It then passes westerly about two miles, where it strikes another old highway, over which it passes a short distance, and then crosses another northerly and southerly highway. It then passes north-westerly, quite a distance, through the fields, and crosses the line into Tinmouth, and then

connects with another northerly and southerly highway at its westerly terminus. The whole length of the highway established, is about 4¼ miles, and forms, with the included pieces of old highways, a new, independent, and continuous highway, from the place of beginning to its termination. This makes it a highway "extending into or through two or more towns in the same county," within the meaning of § 52, ch. 24 of·Gen. Sts., the establishment of which is given to the county court. The fact that it crosses the line between two of the towns, on an old highway, can make no difference. When the new highway is established and built, the portions of the old highways incorporated into the new highway, became a part of it, as well as part of the old highways. The portion of the old highway taken, thus becomes a constituent link in two independent highways, and is so far a double highway, that though the selectmen of the town could discontinue it as a part of the old highway, such discontinuance would not operate to discontinue it as a part of the new highway. It would continue a part of the new highway, which the town would be bound to maintain as such, till it is properly discontinued by proceedings addressed to the county court. The finding of the commissioners, and the adjudication of the court, are, that the public good requires the building of this highway, as a whole, that is, from terminus to terminus. If the petitioners had addressed separate petitions to the selectmen of the several towns, as the defendants claim they ought, for the establishment of that portion of the highway which is to be built new in each town, such petitions might be properly denied by the selectmen, on the ground that the public good did not require the construction of that portion of this new highway as an independent highway. The several separate pieces of new highway included in this highway, could be of very little use to the public, without the construction of every of them ; nor would the several pieces of new highway be of much avail, unless the several pieces of old highway had been included. We therefore conclude that the highway was within the original jurisdiction of the county court, both on the petition, and the highway established under it.

Judgment affirmed.